```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TOURO INFIRMARY, PREFERRED              CIVIL ACTION
CONTINUUM CARE – NEW ORLEANS, LP,
AND ST. CHARLES HOSPITAL REAL
ESTATE CO., LP

VERSUS                                  NO. 06-3535


TRAVELERS PROP. CASUALTY CO.            SECTION R(5)
OF AMERICA, BUILDING CONCEPTS
& DESIGN CONSTRUCTION, INC.,
AND STEPHEN D. VAUGHAN
```

**ORDER AND REASONS**

Before the Court are plaintiff's Motion for Summary Judgment and Motion in Limine. Defendant Building Concepts and Design Construction, Inc. has not opposed the motions. For the following reasons, the Court GRANTS both motions.

**I. BACKGROUND**

**A. Factual Background**

This case arises from damage sustained to St. Charles General Hospital, located at 3700 St. Charles Avenue in New Orleans, as a result of Hurricane Katrina on August 29, 2005. At the time of the hurricane, plaintiffs St. Charles Hospital Real Estate Co. ("St. Charles") and Preferred Continuum Care – New Orleans, LP ("PCC") held an insurance policy with Travelers Property and Casualty Co. of America on the hospital property. St. Charles contracted with Building Concepts & Design

Construction ("BC&D") to repair the damage to the hospital, and in return BC&D was to receive all of the insurance payments due from Travelers.  In January 2006, Touro bought the hospital from St. Charles and PCC.  Touro entered into a contract with BC&D, St. Charles, and PCC in which all of the parties agreed that Touro would assume the rights and obligations of St. Charles and PCC under the original contract between those parties and BC&D.

As of April 2006, BC&D had received nearly $1 million from Travelers for repair work, which was well short of the amount needed to repair all of the hurricane damage.  Although it is unclear exactly what happened thereafter, it is undisputed that Travelers made no more payments to BC&D and that BC&D performed no further repairs to the hospital.

**B.    Procedural Background**

On July 10, 2006, Touro, PCC, and St. Charles sued Travelers, BC&D, and BC&D's president, Stephen D. Vaughan, seeking to nullify the BC&D contract and recover damages, and seeking damages for breach of the insurance contract by Travelers.  On August 3, 2006, Travelers answered, counterclaimed against Touro, and cross-claimed against co-defendant BC&D.  In its counterclaim against Touro and in its cross-claim against BC&D, Travelers sought declarations that BC&D and Touro have no right to recover under the policy.  On September 12, 2006, BC&D answered and counterclaimed against Touro for breach of contract

and tortious interference with its contract.

Touro moved for partial summary judgment. On February 13, 2007, this Court granted Touro's motion for partial summary judgment and declared the BC&D contract a nullity. (R. Doc. 61). Touro and Travelers then settled the claims between them, and Travelers was dismissed from the case (R. Doc. 223). The Court entered a consent judgment between Touro and Stephen Vaughan on August 8, 2008. (R. Doc. 270), and Vaughan was dismissed from the case. BC&D is the only remaining defendant.

Trial is scheduled for September 2, 2008. The scheduling order required parties to file witness and exhibit lists by June 27, 2008. (R. Doc. 233). BC&D failed to file any lists and also failed to provide Touro with any expert witness reports. Notably, defendant is *pro se*. Touro now moves in limine to exclude defendant from producing any evidence or calling witnesses at trial. Touro also moves for summary judgment with respect to damages. BC&D has not filed any witness or exhibit lists and has not opposed Touro's motion for summary judgment or its motion in limine.

## II. STANDARD OF REVIEW

### A. Motion in limine to exclude evidence

Plaintiff complains that BC&D violated this Court's scheduling order by failing to file witness and exhibit lists. Plaintiff argues that the Court should preclude BC&D from

presenting witnesses and exhibits during trial.  The Court has "broad discretion" to enforce its scheduling order.  *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" (quoting *Hodges v. United States*, 597 F.2d 1013, 1018 (5th Cir. 1979)).  Federal Rule of Civil Procedure 16(f) specifically authorizes the court to sanction a party for failing to comply with its scheduling order by excluding evidence.  *See Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 509 (5th Cir. 1999) ("We will not disturb a trial court's decision to exclude evidence as a means of enforcing a pretrial order . . . absent a clear abuse of discretion") (internal citations omitted).

### B.   Summary Judgment

Summary judgment is appropriate only when the pleadings and summary judgment evidence establish that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party has the burden of showing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *See id*. at 325; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.   Motion in limine**

The Court will not permit defendant to present any evidence or call witnesses.  The Court's scheduling order clearly stated that the witness and exhibit lists were to be filed by June 27, 2008.  (R. Doc. 233).  The order further stated that the Court would not permit witnesses to testify or exhibits to be used unless the party had complied with the order with regard to that witness or exhibit, unless the Court ordered otherwise upon a

motion for "good cause." The Court finds that defendant has not shown the requisite "good cause." Defendant BC&D has not opposed plaintiff's motion or provided any other evidence as to why it should not be precluded from calling witnesses or introducing exhibits. Accordingly, the Court GRANTS plaintiffs' motion.

### B.   Summary Judgment

Plaintiff argues that since the construction contract between BC&D and Touro was declared absolutely null, the only issue remaining in the case is the amount of damages owed to Touro. In its summary judgment motion, plaintiff attached an affidavit by restoration contractor Dennis Langford that assessed the damage to the building created by BC&D. Langford estimated that it would cost $1,738,443 to repair the damage caused by BC&D's deficient performance and abandonment of the project. (R. Doc. 238-4 at 45). BC&D did not file an opposition to plaintiff's summary judgment motion, and BC&D has not filed any witness or exhibit lists. Plaintiff contends that BC&D cannot refute plaintiff's claim of damages and that, as such, plaintiff is entitled to summary judgment as to damages.

When a contract is "absolutely null," it is "deemed never to have existed." La. Civ. Code art. 2033. The parties "must be restored to the situation that existed before the contract is made." *Id.* If restoration is impossible or impracticable, the court can restore the parties through an award of damages. *Id.*

Here, plaintiff cannot be restored to its pre-contract position, since BC&D caused additional damage to Touro's property.  As such, the Court finds that an award of damages is appropriate.  The Court finds that plaintiff is entitled to damages for the amount necessary to repair the additional damage to plaintiff's property, as well as for the amount BC&D was paid to perform the restoration work.  Awarding damages in these amounts will closely approximate restoring plaintiff to its position pre-contract.

   Plaintiff provided evidence from its construction expert that BC&D caused additional damage totaling $1,736,443.  (R. Doc. 238-4 at 45).  The defendant has not provided any evidence to contradict this amount.  Plaintiff also alleged in its complaint that BC&D received $950,000 in policy proceeds and deductible payments to perform the restoration work.  (R. Doc. 1 at 5).  Defendant admitted to receiving the funds in its answer (R. Doc. 11 at 3).  As such, the amount of damages is not in dispute.  Accordingly, the Court GRANTS plaintiff's motion for summary judgment and finds that defendant is liable to plaintiff for damages in the amount of $2,686,443.00.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's Motion for Summary Judgment and Motion in Limine.

New Orleans, Louisiana, this 22nd day of August, 2008.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE